# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

MARK FILIPOVICH,
NIGEL PRESTON,
          **Plaintiffs,**

-vs-
                                  **Case No.  6:03-cv-194-Orl-31JGG**

NEW YORK CENTRAL MUTUAL FIRE
INSURANCE COMPANY,
              **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S RENEWED MOTION FOR ATTORNEY FEES AND COSTS AS TO PLAINTIFF PRESTON (Doc. No. 131)** |
| **FILED:** | **May 20, 2005** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S RENEWED MOTION FOR ATTORNEY FEES AND COSTS AS TO PLAINTIFF FILOPOVICH (Doc. No. 132)** |
| **FILED:** | **May 20, 2005** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

| | |
|---|---|
| **MOTION:** | **APPELLEE'S MOTION FOR APPELLATE ATTORNEYS' FEES (Doc. No. 137) [remanded from 11th Circuit, Doc. No. 134]** |
| **FILED:** | **September 6, 2005** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

Defendant New York Central Mutual Fire Insurance Company ("NYCM") moved to renew its motions for attorneys' fees and costs following the Eleventh Circuit's affirmance of this Court's order granting NYCM's motion to dismiss. The Eleventh Circuit also remanded to the district court for determination Appellee's Motion for Appellate Attorney's Fees. Docket 134. Defendant claims to be entitled to attorney's fees and costs because Plaintiffs did not accept an offer of judgment under Fla. Stat. § 768.79.

On August 2, 2005, the Court ordered the parties to meet and confer to resolve the motions and to file a joint report with the Court stating the outcome of their conference. The Court further ordered "[a]ny party asking this Court to resolve any issue involving appellate fees and costs shall file and serve a copy of all such motions and memoranda within ten days of the date of this order." Docket 135.

On September 6, 2005, the parties filed their Joint Report and stated they agreed "that all of the fees and costs requested in the three subject motions (totaling $135,100) were reasonable and necessarily incurred by NYCM, as set forth in each of the three subject motions." The parties, however, disagree that NYCM is entitled to fees and costs. Specifically, Plaintiffs claim NYCM's offers of judgment were unenforceable and, therefore, NYCM is not entitled to recover its fees and

costs. The parties further stated their belief that the motions could be ruled upon as a matter of law, based on the Court's review of the offers of judgment and the applicable law "as set forth in the three motions and oppositions thereto."

Plaintiffs, however, have not filed *any* response to the renewed motions and did not file any memoranda in response to the Court's August 2, 2005, order. The motions, therefore, are subject to being granted for failing to file a brief or legal memorandum with citation to authorities in opposition to the relief requested. *See* Local Rule 3.01(b). Rather than grant the relief without considering the merits, the Court will take judicial notice of Plaintiffs' briefs filed at Docket 65 and 117, which were in response to Defendant's previously filed motions for attorneys' fees and costs. For ease of reference, Defendant's Motion for Attorney Fees and to Tax Costs against Plaintiff Preston, filed at Docket No. 37, will be referred to as "Defendant's First Motion for Attorneys' Fees;" Defendant's Motion for Attorney Fees and to Tax Costs against Plaintiff Filopovich, filed at Docket No. 113, will be referred to as "Defendant's Second Motion for Attorneys' Fees."

## I.    THE LAW

The parties agree that Fla. Stat. § 768.79 applies to this diversity action. Florida law provides if a defendant "files" an offer of judgment and the plaintiff does not accept it within thirty days, the defendant is entitled to recover from the plaintiff any reasonable costs and attorneys fees that defendant incurred "from the date of filing of the offer." Fla. Stat. § 768.79 (1).[1] Defendant may

---

[1] Section 768.79 (1) (emphasis supplied) provides:

In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award. Where such costs and attorney's

recover his costs and attorneys fees only if the judgment is at least 25 percent less than the filed offer. Fla. Stat. § 768.79 (1). An offer of judgment must state its total amount. Fla. Stat. § 768.79 (2)(d). The offer is construed as including all damages which may be awarded in a final judgment. Fla. Stat. § 768.79 (2). Although Fla. Stat. § 768.79 (1) requires the "filing" of an offer of judgment in order to begin the period of recoverable costs. the statute and rule later state that the offer must be "served" on the party to whom it is made. but shall not be filed unless it is accepted or unless filing is necessary for enforcement. Fla. Stat. § 768.79 (3); Fla. R. Civ. P. 1.442.[2]

The Florida Supreme Court has adopted Florida Rule of Civil Procedure 1.442 ("Rule 1.442"), which also covers the subject of offers of judgment. Rule 1.442 is the procedural vehicle which a litigant can use to enforce the right to attorney's fees. Rule 1.442 sets the criteria for determining the reasonableness of the amount of attorney's fees. The Florida Supreme Court retains final authority to control judicial procedure. The provisions of Rule 1.442 therefore supersede any contrary procedures contained in Fla. Stat. § 768.79. Fla. R. Civ. P. 1.442(a); *McMahan v. Toto*, 256 F.3d 1120, 1131 (11th Cir. 2001).

---

fees total more than the judgment, the court shall enter judgment for the defendant against the plaintiff for the amount of the costs and fees. less the amount of the plaintiff's award. If a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer. she or he shall be entitled to recover reasonable costs and attorney's fees incurred from the date of the filing of the demand. If rejected. neither an offer nor demand is admissible in subsequent litigation. except for pursuing the penalties of this section.

[2] In enacting § 768.79, the Florida legislature modified the "American Rule" (in which each party pays its own attorney's fees) and has created a substantive right to attorney's fees upon the occurrence of certain specified conditions. *TGI Friday's, Inc. v. Dvorak*. 663 So.2d 606. 611 (Fla.1995). The statute begins by creating an "entitlement" to fees. *Dvorak*, 663 So.2d at 611. That entitlement may then lead to an "award" of fees. *Dvorak*, 663 So.2d at 611. That award may then be lost by a finding that the entitlement was created "not in good faith," or the amount of the award may be adjusted upward or downward by a consideration of statutory factors. *Dvorak*, 663 So.2d at 611.

Rule 1.442 sets forth the required form and content of a settlement offer.  In pertinent part, Rule 1.442 requires:

> (1) A proposal shall be in writing and shall identify the applicable Florida law under which it is being made.
> (2) A proposal shall:
> (A) name the party or parties making the proposal and the party or parties to whom the proposal is being made;
> (B) identify the claim or claims the proposal is attempting to resolve;
> (C) state with particularity any relevant conditions;
> (D) state the total amount of the proposal and state with particularity all nonmonetary terms of the proposal;

The particularity requirements are fundamental to the underlying purpose of both Rule 1.442 and Fla. Stat. § 768.79.  *Nichols v. State Farm Mut.*, 851 So.2d 742, 746 (Fla. Dist. Ct. App. 2003).  A settlement proposal is "intended to end judicial labor, not create more." *Id.*  Therefore, the settlement proposal "should be capable of execution without the need for further explanation or judicial interpretation." *Id.*  The requirements of Rule 1.442 and Fla. Stat. § 768.79 "must be strictly construed." *Id.*

## II.   ANALYSIS

### A.   Attorneys' Fees Against Plaintiff Preston

Plaintiff Preston argues in response to Defendant's First Motion for Attorney's Fees that the motion should be denied because the Offer of Judgment was facially defective. Docket No. 65.  The offer was contingent upon the execution of a full release of "all claims at issue in this case, and all claims that may arise from this claim or facts, including any and all claims for extracontractual damages and punitive damages."  Docket Nos. 65, 136-2 at 1-2.  Preston argues the offer was defective because it failed to include the proposed language of the release.  Defendant's Renewed Motion fails to address Preston's argument that the Offer of Judgment was defective.

When including a release in an offer of judgment, Florida law requires either that the proposed language of the release or "a summary of the substance of the release being sought should be included within the proposal to comply with the requirement that it be 'particular.'" *Id.* Further, the terms and conditions of the proposal must be clear and unambiguous. *Id.*

Although Defendant arguably summarized the substance of the release, the Court finds that Defendant's use of the phrases "all claims that may arise from this claim or facts" and "extracontractual damages" are not clear and unambiguous. The phrase "all claims that my arise from this claim or facts" could be interpreted as including claims that arise from the same nucleus of facts that would be collaterally estopped in any subsequent action, or it could be interpreted as including any claims arising from the conduct of the litigation itself. Further, the underlying action is one for insurer bad faith. If there had been a breach of the insurer's contractual obligations, the Court could envision contractual or punitive damages but it does not know what Defendant meant by "extracontractual damages." As the meaning of the offer is unclear, the Court would be required to interpret those phrases or to obtain additional information. The Court, however, must strictly construe Rule 1.442 and Fla. Stat. § 768.79. Because Defendant's offer is subject to more than one interpretation and because of the ambiguity of certain phrasing, Defendant's offer does not meet the particularity requirements of the rule and statute. Therefore, Defendant's Renewed Motion for Attorney Fees and Costs as to Plaintiff Preston is denied.

### B.     Attorneys' Fees Against Plaintiff Filopovich

Defendant made two offers of judgment to Plaintiff Filopovich. The first offer, served December 18, 2003, used substantially the same phrasing as the offer to Preston that the Court found

defective. Docket No. 136-2 at 29-31.[3]   The second offer, served February 20, 2004, omits the

requirement of a release and rephrases the offer as follows:

> 2.   Defendant NYCM hereby offers to pay to the Plaintiff
> Filipovich the total sum of Five Thousand Dollars ($5,000.00), in full
> and complete settlement of all claims and causes of action by Plaintiff
> Filopovich against Defendant NYCM, as stated in the Amended
> Complaint for Insurer Bad Faith, including claims for compensatory
> damages, pre-judgment interests (sic), attorneys' fees and costs, as
> demanded in the Amended Complaint for Insurer Bad Faith.  This
> Offer of Judgment is not intended to release any claims or causes of
> action extrinsic to the claims and causes of action stated by Plaintiff
> Filopovich against Defendant NYCM in the Amended Complaint for
> Insurer Bad Faith.
>
> 3.   This Offer of Judgment is not intended to address the claims
> and causes of action stated in the Amended Complaint with respect to
> the Plaintiff Nigel Preston, as personal representative of the Estate of
> Anne Marie Preston and for the survivors, Nigel Preston and George
> Anthony Cuthbertson.

Docket No. 136-2 at 33.

Plaintiff argues that the second offer of judgment is defective because it did not refer to a

release at all, and that practicality would require a release for resolution.  There is no requirement,

however, that settlement be contingent upon signing a release.  In this case, Defendant chose to offer

settlement of the case without obtaining the additional protection of a release.

The Court finds that Defendant's second offer of judgment meets the particularity requirements

of the rule and statute.  It is clear that the offer seeks to settle only the claims raised in the litigation

and nothing else.  *See Nichols*, 851 So.2d at 746 ("A proposal for settlement should not include

conditions that, if accepted, would cause an offeree to give up a claim or right that it could not have

---

[3] The pertinent language of the offer reads, "The amount of this proposal is to settle all claims of Plaintiff Filopovich at issue in this case, and all claims of Plaintiff Filopovich that may arise from this claim or facts, including any and all claims of Plaintiff Filopovich for attorneys fees, costs, extracontractual damages and punitive damages."

otherwise lost in the litigation.") Further, the offer is specific to settling the claims of only Plaintiff Filopovich.

Pursuant to Fla. Stat. § 768.79(1), Defendant is entitled to recover reasonable costs and attorneys' fees from the date of the offer if the judgment is one of no liability. Attorneys' fees and costs incurred from February 20, 2004, through May 4, 2004, equals $25,901.16. Defendant's Second Motion for Attorneys' Fees. Docket 113 at 5. Because Plaintiff agrees that this amount was reasonable and necessary, the Court grants in part and denies in part Defendant's Renewed Motion for Attorneys' Fees and Costs. The Court orders Plaintiff Filopovich to pay Defendant $25,901.16.[4]

## C.    Appellate Attorneys' Fees

Defendant's Motion for Appellate Attorneys' Fees is based on the same arguments supporting its motion for attorneys' fees in the district court, namely, that it served offers of judgment that were not accepted and judgment was entered in Defendant's favor. Plaintiff has not filed with this Court any response to Defendant's Motion for Appellate Attorneys' Fees.

It is well settled that Fla. Stat. § 768.79 also applies to fees incurred on appeal. *See Motter Roofing, Inc. v. Leibowitz*, 833 So.2d 788, 789 (Fla. Dist. Ct. App. 2002). As Defendant's offer of judgment to Plaintiff Preston was defective, no appellate attorneys' fees for work related to Preston's

---

[4] Plaintiff's written response to Defendant's Second Motion for Attorneys' Fees argued that the amount of the attorneys' fee award should be substantially reduced because Defendant did not obtain dismissal on the merits, but rather because Plaintiff Filopovich refused to testify to preserve his Fifth Amendment rights against self-incrimination. Given Plaintiff's statement in the subsequently filed Joint Report (Docket 138) that the fees are reasonable, the Court understands Plaintiff to have withdrawn this argument. Even if Plaintiff did not intend to withdraw this argument, the Court finds the argument is without merit. While Fla. Stat. § 768.79(b) requires the court to consider the merit of the claim in determining the reasonableness of the award, Plaintiff Filopovich does not argue the merits of his action. There is nothing in either Fla. Stat. § 768.79 or Rule 1.442 that requires judgment on the merits to be entitled to an award of attorneys' fees.

appeal may be awarded.  Defendant's second offer of judgment to Plaintiff Filipovich, however, was effective and appellate attorneys' fees and costs for Filopovich's appeal will be granted.

Defendant separately itemized attorneys' fees related solely to the Filopovich appeal and itemized fees and costs that benefitted both appeals equally.  Where the work benefitted both appeals equally, it reasonable to divide the fee or cost in half.  Based on the Joint Report, it appears that Plaintiff concurs in the reasonableness of this method.  Therefore, the Court grants in part and denies in part Appellees' Motion for Appellate Attorneys' Fees.  The Court orders Plaintiff Filopovich to pay Defendant $18,574.91.

**RECOMMENDED THAT:**

1.    The Court deny Defendant's Renewed Motion for Attorney Fees and Costs as to Plaintiff Preston;

2.    The Court grant in part and deny in part Defendant's Renewed Motion for Attorneys' Fees and Costs as to Plaintiff Filopovich, and order Plaintiff Filopovich to pay Defendant $25,901.16;

3.    The Court grant in part and deny in part Appellees' Motion for Appellate Attorneys' Fees against Plaintiff Filopovich, and order Plaintiff Filopovich to pay Defendant $18,574.91; and

4.    That judgment for Defendant against Plaintiff Filopovich be entered in the amount of $44,476.07.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October _____, 2005.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Gregory A. Presnell
Counsel of Record
Courtroom Deputy